**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A. COSTON MOORE, | 1:12-cv-01632-GBC (PC) |
| Plaintiff, | ORDER TO SHOW CAUSE REGARDING EXHAUSTION AND RULE 11(b)(3) |
| v. | Doc. 1 |
| A. SANDOVAL, et al., | |
| Defendants. | |

## I.   Factual and Procedural Background

A. Coston Moore ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. On October 4, 2012, Plaintiff filed a complaint. Doc. 1. Under the name Amber Coston-Moore, Plaintiff had filed an identical complaint against the same defendants in *Coston-Moore v. Sandoval, et al.*, No. 1:09-cv-02190-AWI-DLB, which was dismissed on September 21, 2012, for failure to exhaust administrative remedies. In *Coston-Moore v. Sandoval, et al.*, No. 1:09-cv-02190-AWI-DLB, the magistrate judge issued findings and recommendations to grant the defendants' motion to dismiss and the district judge adopted the findings and recommendations which found that Plaintiff failed to exhaust administrative remedies at the final level due to Plaintiff's failure to follow the time procedures. *Coston-Moore v. Sandoval, et al.*, No. 1:09-cv-02190-AWI-DLB (Doc. 30; Doc. 34). Plaintiff filed objections conceding that she was screened out due to failure to timely file an appeal but argued that it was the prison official's fault because she received the appeal late. *Coston-Moore v. Sandoval,*

1  *et al.*, No. 1:09-cv-02190-AWI-DLB (Doc. 32).

2  Rather than file a timely appeal, less than two weeks after her case was dismissed, Plaintiff
3  chose to re-file the action under a different permutation of her name and represented that she has
4  exhausted her administrative remedies in this new action. Doc. 1.

## II.     Exhaustion Requirement

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 127 S.Ct. 910, 918-19 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). The Court must dismiss a case without prejudice even when there is exhaustion while the suit is pending. *Lira v. Herrera*, 427 F.3d 1164, 1170 (9th Cir. 2005).

Exhaustion is required regardless of the relief sought by the prisoner. *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001). A prisoner must "must use all steps the prison holds out, enabling the prison to reach the merits of the issue." *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009); *see also Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005). A prisoner's concession to non-exhaustion is valid grounds for dismissal so long as no exception to exhaustion applies. 42 U.S.C. § 1997e(a); *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003).

The Court takes judicial notice of the fact that the California Department of Corrections and Rehabilitation has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (2011). The process is initiated by submitting a CDC Form 602. *Id.* at § 3084.2. Three levels of appeal are involved, including the first formal level, second formal level, and third formal level, also known as the "Director's Level." *Id.* at § 3084.7. Appeals must be submitted within thirty calendar days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. *Id.* at §§ 3084.8.

In order to satisfy section 1997e(a), California state prisoners are required to use the available

process to exhaust their claims prior to filing suit. *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378, 2383 (2006); *McKinney*, 311 F.3d at 1199-1201. "[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." *Jones*, 127 S.Ct. at 918-19 (citing *Porter*, 435 U.S. at 524). "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" *Porter*, 534 U.S. at 524 (quoting *Booth*, 532 U.S. at 739 n.5).

It appears that without having done anything to exhaust administrative remedies between the dismissal of Plaintiff's prior case and initiating this current case, Plaintiff has chose to simply re-file the case and misrepresent to this court the administrative remedies have been exhausted despite another court's finding that Plaintiff has failed to meet the exhaustion requirement. This is not an instance where exhaustion occurred during the pendency of the prior suit. Rather, the court in *Coston-Moore v. Sandoval, et al.*, No. 1:09-cv-02190-AWI-DLB determined that Plaintiff failed to follow the required procedures to exhaust. Unless Plaintiff can present facts that are different from those presented in *Coston-Moore v. Sandoval, et al.*, No. 1:09-cv-02190-AWI-DLB to demonstrate that exhaustion has occurred, this action should be dismissed. *See* 42 U.S.C. § 1997e(a); *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid grounds for dismissal . . . .").

**III.    Rule 11(b)**

The appears that Plaintiff intentionally misrepresents herself to the Court by filing an identical action under a different permutation of her name and states that she has exhausted administrative remedies in this current complaint where it appears that circumstances have not changed from a previous court's determination in *Coston-Moore v. Sandoval, et al.*, No. 1:09-cv-02190-AWI-DLB that she has not exhausted administrative remedies. Rule 11(b)(3) of the Federal Rules of Civil Procedure states:

> By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an . . . unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>     (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

3

Fed.R.Civ.P. 11(b)(3).

Plaintiff's misrepresentation interferes with the Court's efforts to conserve judicial resources by preventing the proliferation of vexatious litigation. *Anheuser-Busch, Inc. v. Natural Beverage Distributors*, 69 F.3d 337, 348 (9th Cir. 1995) (dismissal sanction warranted when deliberate deception undermines integrity of judicial proceedings and threatens to interfere with rightful decision of case); *Warren v. Guelker*, 29 F.3d 1386, 1389 (9th Cir.1994) (per curiam) (pro se, in forma pauperis prisoner's misrepresentation about previous lawsuits may violate Rule 11).

Plaintiff's misrepresentation in her complaint regarding exhaustion and her name appears to be willful and in bad faith. *See Anheuser-Busch, Inc. v. Natural Beverage Distributors*, 69 F.3d 337, 348 (9th Cir. 1995). As Plaintiff is proceeding in forma pauperis, the Court finds that monetary sanctions would be inappropriate and that instead the appropriate sanction for violating Rule 11(b)(3) is to dismiss the case without prejudice. *See Anheuser-Busch, Inc. v. Natural Beverage Distributors*, 69 F.3d 337, 348 (9th Cir. 1995); *Warren v. Guelker*, 29 F.3d 1386, 1389 (9th Cir.1994).

### IV.   Conclusion and Order

Based on the foregoing, the Court HEREBY ORDERS: Within thirty (30) days of the date of service of this order, Plaintiff SHALL SHOW CAUSE:

1. Why the action should not be dismissed for failure to exhaust administrative remedies and for; and
2. Why the misrepresentations of Plaintiff's name and exhaustion of administrative remedies does not violate Rule 11(b)(3) of the Federal Rules of Civil Procedure and why this action should not be dismissed without prejudice as the appropriate sanction for violating Rule 11(b)(3).

IT IS SO ORDERED.

Dated:   October 31, 2012

UNITED STATES MAGISTRATE JUDGE

4