1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

A. COSTON MOORE,                                   1:12-cv-01632-GBC (PC)

                                Plaintiff,         ORDER DISMISSING ACTION WITHOUT
                                                   PREJUDICE FOR FAILURE TO
          v.                                       EXHAUSTION ADMINISTRATIVE
                                                   REMEDIES

A. SANDOVAL, et al.,                               (Doc. 1; Doc. 8; Doc. 9)

                                Defendants.
_____/

**I.    Factual and Procedural Background**

          A. Coston Moore ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in

this civil rights action filed pursuant to 42 U.S.C. § 1983.  On October 4, 2012, Plaintiff filed a

complaint. Doc. 1.  Under the name Amber Coston-Moore, Plaintiff had filed an identical complaint

against the same defendants in *Coston-Moore v. Sandoval, et al.*, No. 1:09-cv-02190-AWI-DLB,

which was dismissed on September 21, 2012, for failure to exhaust administrative remedies.  On

October 31, 2012, the Court issued and order to show cause as to why this action should not be

dismissed for failure to exhaust and under Rule 11(b)(3).[1]  Doc. 8.  On December 4, 2012, Plaintiff

filed a response to the order to show cause.  Doc. 9.

///

_____

[1] In Plaintiff's response to the Court's order to show cause, Plaintiff explained that the difference in
Plaintiff's name was not an attempt to misrepresent her identity to the Court, rather, the name difference was due to
the fact that Plaintiff is an "hermaphrodite-male" and no longer wishes to be addressed as "Amber."  Doc. 9 at 1. The
Court finds that Plaintiff has sufficiently explained for the different representation of her name.

1

## II.      Exhaustion Requirement

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 127 S.Ct. 910, 918-19 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).  The Court must dismiss a case without prejudice even when there is exhaustion while the suit is pending. *Lira v. Herrera*, 427 F.3d 1164, 1170 (9th Cir. 2005).

Exhaustion is required regardless of the relief sought by the prisoner. *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001).  A prisoner must "must use all steps the prison holds out, enabling the prison to reach the merits of the issue." *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009); *see also Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005).  A prisoner's concession to non-exhaustion is valid grounds for dismissal so long as no exception to exhaustion applies.  42 U.S.C. § 1997e(a); *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003).

In order to satisfy section 1997e(a), California state prisoners are required to use the available process to exhaust their claims prior to filing suit. *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378, 2383 (2006); *McKinney*, 311 F.3d at 1199-1201.  "[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." *Jones*, 127 S.Ct. at 918-19 (citing *Porter*, 435 U.S. at 524).  "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" *Porter*, 534 U.S. at 524 (quoting *Booth*, 532 U.S. at 739 n.5).

### 1.      Analysis

In *Coston-Moore v. Sandoval, et al.*, No. 1:09-cv-02190-AWI-DLB, the magistrate judge issued findings and recommendations to grant the defendants' motion to dismiss and the district judge adopted the findings and recommendations which found that Plaintiff failed to exhaust administrative remedies at the final level due to Plaintiff's failure to follow the time procedures. *Coston-Moore v. Sandoval, et al.*, No. 1:09-cv-02190-AWI-DLB (Doc. 30; Doc. 34).  Plaintiff filed

objections conceding that she was screened out due to failure to timely file an appeal but argued that it was the prison official's fault because she received the appeal late. *Coston-Moore v. Sandoval, et al.*, No. 1:09-cv-02190-AWI-DLB (Doc. 32). Rather than file a timely appeal, less than two weeks after her case was dismissed, Plaintiff chose to re-file the action under a different permutation of her name and represented that she has exhausted her administrative remedies in this new action. Doc. 1.

In Plaintiff's response to the Court's order to show cause, Plaintiff asserts that although Plaintiff's previous claim was dismissed for failure to exhaust administrative remedies, that she in fact, had exhausted administrative remedies over three years ago. Doc. 9 at 1. However, such assertion is contrary to the findings of the court in *Coston-Moore v. Sandoval, et al.*, No. 1:09-cv-02190-AWI-DLB which observed:

> In the objections, Plaintiff contends for the first time that Valley State Prison for Women ("VSPW") was the cause of the lateness because VSPW returned the second level response to Plaintiff late. Plaintiff contends that she mailed the appeal the exact same day that she received the response from VSPW.
> Plaintiff provides no evidence in support of this contention, such as her own declaration of when she received documents. Defendant contends that the second level response was delivered to Plaintiff on March 4, 2010, and Defendant has presented evidence in support of this by declaration. There is also evidence that Plaintiff did not submit this appeal to the Director's level until April 5, 2010. At the time that the inmate appeal was filed, appeals must be submitted to the next level of review within fifteen days after receipt of the lower level appeal. Cal. Code Regs. tit. 15 § 3084.3 (2010).

*Coston-Moore v. Sandoval, et al.*, No. 1:09-cv-02190-AWI-DLB (Doc. 34 at 2). Plaintiff's contention that she exhausted also contradicts the exhibit she attaches to her response from the appellate coordinator at Valley State Prison for Women. Doc. 9 at 5-7.

In response to the Court's order to show cause, Plaintiff fails to present facts to that are different from those presented in *Coston-Moore v. Sandoval, et al.*, No. 1:09-cv-02190-AWI-DLB and fails to demonstrate that exhaustion has occurred. Thus, this action should be dismissed. *See* 42 U.S.C. § 1997e(a); *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid grounds for dismissal . . . .").

///

///

**III.    Conclusion and Order**

Based on the foregoing, the Court HEREBY ORDERS that this action is dismissed WITHOUT PREJUDICE for failure to exhaust administrative remedies.[2]

IT IS SO ORDERED.

Dated:      December 26, 2012

UNITED STATES MAGISTRATE JUDGE

---

[2] This dismissal without prejudice, means that Plaintiff is free to file a new suit raising these claims after she has exhausted her administrative remedies.  The Court will not speculate whether it is feasible for Plaintiff to correct the procedural deficiencies in her administrative appeal, however, the Court will not foreclose the possibility of Plaintiff filing a new suit if such exhaustion occurs.